```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
                                |
ERIC DEBOUE,                    |
                                |
              Petitioner,       |
                                |      MEMORANDUM & ORDER
     -against-                  |
                                |      04-CV-0119 (CBA)
ROY GIRDICH, Superintendent,    |
Upstate Correctional Facility,  |
                                |
              Respondent.       |
                                |
--------------------------------X
AMON, UNITED STATES DISTRICT JUDGE:
```

INTRODUCTION

Petitioner Eric Deboue, represented by counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the following grounds: (1) the prosecution breached the terms of petitioner's plea agreement by proffering illegal fixed sentencing terms, and petitioner is therefore entitled to either specific performance of his plea agreement or the opportunity to withdraw his guilty plea; and (2) petitioner was denied his right to effective assistance of counsel. For the reasons set forth below, the petition is denied.

BACKGROUND

I.  The State Court Proceedings

Deboue was indicted for murder in the second degree and other lesser-related offenses in connection with a fatal shooting that occurred on February 14, 1998 in a Livonia Avenue apartment, in Brooklyn. (State Ct. Proceedings, Jan. 10, 2000, at 10-11.) On January 10, 2000, he withdrew his initial plea of not guilty and entered a plea of guilty to the lesser included offense of manslaughter in the first degree in satisfaction of all the charges of the indictment and in exchange for the court's promise to sentence him to a determinate prison term of eleven years. (Id. at 2.) The written agreement required Deboue to give truthful trial testimony against his co-defendant, to direct investigators to the location of weapons used in the crime, and to provide and interpret tape recordings he had made of conversations with his co-defendant. (Id. at 3.) At the plea allocution, the court explained to Deboue that, according to the terms of the plea agreement, he could receive an enhanced determinate sentence of twenty-five years if the District Attorney did not feel that he had complied with the cooperation agreement. (Id. at 9-10.) Deboue then allocuted to a charge of manslaughter in the first degree to the satisfaction of the court, and the court entered a plea of guilty. (Id. 11-18.)

Petitioner did provide and interpret the tape recordings, as required by the plea agreement (State Ct. Proceedings, Feb. 1, 2000, at 15-16.) However, a search warrant executed pursuant to petitioner's information yielded no weapons. People v. Deboue, Ind. No. 11137/98, at 7 (N.Y. Crim. Term. Apr. 19, 2000)(Decision and Order)(Tomei, J.). Then, during a subsequent meeting with the case assistant and an Assistant District Attorney, petitioner significantly altered his account of his participation in the crime and indicated that he would be willing to change his testimony to suit the prosecution. (Id. at 8.) Defense counsel was not present at the time. In view of petitioner's sudden recantation of statements given in his plea allocution and his willingness to perjure himself at trial, the District Attorney's office felt that it could no longer rely on petitioner as a witness and sought to have an enhanced sentence imposed. (Id.)

During a hearing to determine whether petitioner had complied with the terms of the agreement, the prosecution brought to light the recently discovered fact that the plea agreement, as proffered by the District Attorney and accepted by petitioner on the advice of his lawyer, was illegal because the agreement envisioned determinate sentences. (State Ct. Proceedings, Feb. 17, 2000, at 4.) At the time the crime was committed, indeterminate sentences were required by law. (Id.) The court

3

therefore determined that it could not impose the sentence specified in the cooperation agreement, and indicated that it would either impose a sentence that it considered fair under the circumstances or allow petitioner to go to trial. (See State Ct. Proceedings, March 13, 2000, at 11-12, 14.) Petitioner did not express an interest in withdrawing his guilty plea at that time, but rather advocated substitution of a comparable indeterminate sentence for the illegal determinate term. (See id. at 11-15.)

The court proceeded to conduct a thorough hearing on whether petitioner had complied with the terms of his plea agreement, and stated that it would fashion an appropriate sentence based upon the findings of those proceedings. (See State Ct. Proceedings, March 14, 2000, at 3-4.) The court ultimately determined that petitioner had violated the terms of the plea agreement and sentenced him to a term of imprisonment of twelve and one-half to twenty-five years, in compliance with applicable sentencing ranges. People v. Deboue, Ind. No. 11137/98, at 12-13 (N.Y. Crim. Term. Apr. 19, 2000)(Decision and Order)(Tomei, J.). In its written decision, the court observed that the sentence imposed did not prejudice petitioner, as it was no greater than the determinate twenty-five year enhanced sentence that petitioner would have received pursuant to the terms of the plea agreement. Id. at 13.

II. <u>Subsequent Procedural History</u>

On appeal, the Supreme Court, Appellate Division, Second Department affirmed the trial court's finding, again noting that petitioner did not wish to withdraw his plea and agreeing that petitioner had violated the terms of his plea agreement. <u>People v. DeBoue</u>, 749 N.Y.S.2d 282, 283 (N.Y. App. Div. 2002). Because petitioner was in violation of a plea agreement that he did not wish to rescind, he was subject to a prison term of up to twenty-five years as provided in the agreement, and the court found no merit to petitioner's request for a discretionary reduction in his sentence. Additionally, the court found petitioner's ineffective assistance of counsel claim regarding his attorney, Elizabeth Birkett, to be without merit. <u>Id.</u> at 283.

## DISCUSSION

I. <u>Standard of Review</u>

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Additionally, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

5

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to clearly established federal law" where the state court decision is "substantially different from the relevant precedent of [the United States Supreme Court]," or the state court applies "a rule that contradicts the governing law set out in [Supreme Court] cases." Williams v. Taylor, 529 U.S. 362, 409 (2000). The Second Circuit interpreted 28 U.S.C. § 2254(d)(1) in light of Supreme Court precedent and held that "to permit habeas relief under the 'unreasonable application' phrase, a state court decision must be not only erroneous but also unreasonable. Some increment of incorrectness beyond error is required . . . .[H]owever . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions 'so far off the mark as to suggest judicial incompetence.'" Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir.

6

2000) (quoting Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 889 (3d Cir. 1999) (en banc)).  In conducting this analysis, the factual findings of a the trial court are presumed to be correct.  See 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

II. Plea Agreement Claim

The Supreme Court has recognized that "inherent in accepting a plea of guilty" is a need for "safeguards to insure the defendant what is reasonably due in the circumstances." Santobello v. New York, 404 U.S. 257, 262 (1971).  Thus, when a defendant enters a plea of guilty that "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  Id.  When a prosecutor breaches a plea agreement, the defendant is entitled to either specific performance of the plea agreement or to the opportunity to withdraw his plea of guilty, at the discretion of the court.  See id. at 263 ("The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of [the] case

7

require only that there be specific performance of the agreement on the plea . . . or whether . . . the circumstances require granting [the petitioner] . . . the opportunity to withdraw his plea of guilty."); United States v. Brody, 808 F.2d 944, 947 (1986) ("The remedy for a breached plea agreement is either to permit the plea to be withdrawn or to order specific performance of the agreement.").

Petitioner argues that, because the prosecution breached the terms of the plea agreement, he is entitled either to specific performance or to the opportunity to withdraw his guilty plea. He further contends that he substantially performed his obligations under the agreement and is entitled to the reduced sentence promised to him in exchange for his cooperation in the prosecution of his co-defendant. Petitioner argues that he should be sentenced to a determinate term of eleven years as per the original (albeit illegal) terms of his agreement, or in the alternate, to an indeterminate sentence of five and one-half to eleven years.

Petitioner had the opportunity withdraw his guilty plea at the time the trial court discovered the illegality of the sentencing terms of his plea agreement, but he declined to do so. (See State Ct. Proceedings, March 13, 2000, at 11; State Ct. Proceedings, March 14, 2000, at 2). On appeal, petitioner again

8

stated that he did not wish to withdraw his guilty plea. See People v. Deboue, 749 N.Y.S.2d 282, 283 (N.Y. App. Div. 2002) ("[W]e note that the defendant specifically advises that he does not wish to withdraw his plea"). That petitioner did not wish to withdraw his plea is understandable in view of the substantial risk that he would have received a far greater sentence had he gone to trial for murder in the second degree, the charge for which he was originally indicted.

In cases of prosecutorial breach, Santobello requires only that the defendant *either* be given the opportunity to withdraw his plea *or* be granted specific performance, at the discretion of the court. Petitioner was given the opportunity to withdraw his plea, in clear satisfaction of federal law as established in Santobello and Brody, and declined to so. Petitioner may not now request another opportunity to withdraw his guilty plea in a habeas action in federal court. In addition, specific performance of the plea agreement is not an option for two key reasons. First, the Court could not by law sentence petitioner to a determinate sentence in accordance with the plea agreement, because, as has now been established, determinate sentences were illegal at the time of the plea allocution. Moreover, petitioner is not entitled to a sentence in the eleven-year range in view of the state court's finding that he breached the terms of his

cooperation agreement with the government.

Petitioner's argument that he substantially complied with the terms of the plea agreement is unavailing. In a habeas action brought by a person in custody pursuant to a state court judgment, a state court's determination of factual issues is presumed to be correct. 28 U.S.C. § 2254(e)(1). Where there is a dispute as to a defendant's alleged breach of a plea agreement, the determination of whether a defendant has in fact breached a plea agreement is a finding of fact to be decided by the trial judge after a hearing on the issue. United States v. Calabrese, 645 F.2d 1379, 1390 (10th Cir. 1981), cert. denied, 451 U.S. 1018 (1981). In this case, the state court judge held a hearing on petitioner's alleged breach and concluded that petitioner did indeed violate the terms of the plea agreement. This factual finding is not unreasonable. Petitioner obtained the favorable terms of the plea agreement largely in exchange for his promise to testify against his co-defendant and then proceeded to give false, or at least inconsistent and unreliable, information regarding the facts of the crime. Evidence of this behavior, as credited by the trial judge, was sufficient to support a reasonable finding that petitioner violated the terms of his plea agreement, such that his claim of substantial performance fails.

As a final matter, this Court observes that the sentence imposed by the trial judge was reasonable. Petitioner agreed, both verbally and in writing, to a plea agreement providing that, if he did not fully comply with the terms of the agreement, he could receive an enhanced sentence of up to twenty-five years in prison. Because petitioner did not wish to withdraw his guilty plea, he submitted himself to the discretion of the trial court in sentencing him according to what was reasonably due him, as prescribed in Santobello. 404 U.S. at 262 (establishing that when a defendant enters a plea of guilty that rests in any significant degree on a promise of the prosecutor, that promise must be fulfilled, at least to the extent of what is reasonably due to the defendant). "In determining what is 'reasonably due' a defendant, the dispositive question . . . is what the parties to this plea agreement reasonably understood to be the terms of the agreement." Paradiso v. United States, 689 F.2d 28, 31 (2d Cir. 1982) (quoting United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir. 1979) (internal quotation marks omitted)). In the instant case, the terms of the plea agreement, especially those providing for an enhanced sentence of up to twenty-five years in prison for noncompliance, were made sufficiently clear to petitioner. (See State Ct. Proceedings, Jan. 10, 2000, at 4, 10.) The sentence of twelve and a half to twenty-five years thus

did not exceed the reasonable expectations of the petitioner as to the sentence he would receive in the event that he did not comply with the plea agreement.

III. <u>Ineffective Assistance of Counsel Claim</u>

Petitioner appears to raise ineffective assistance of counsel claims against his attorney, Elizabeth Birkett.[1] Petitioner claims that he was denied effective assistance of counsel because Birkett did not attend a post-conviction meeting where petitioner was being prepared to testify against his former co-defendant. It was at this meeting that he suddenly changed his testimony about the facts of the crime and then offered to say anything that the prosecutors desired. As discussed, petitioner's inconsistency at this meeting and evident willingness to perjure himself were the basis of the state court's finding that he breached the terms of his plea agreement, which included his giving truthful testimony at trial. Thus, the nature of this claim is that petitioner would not have breached the terms of his plea agreement if counsel had been present to

---

[1] Petitioner's papers also refer to an attorney by the name of Martin Marshak in connection with this claim. The Court assumes that this is an editing error on petitioner's part, as there is no evidence in the record that petitioner was ever represented by a Martin Marshak.

advise him at that meeting. Petitioner does not argue that counsel was deficient in her performance prior to his guilty plea.

In order to obtain habeas relief for a claim of ineffective assistance of counsel, a petitioner must establish: (1) that counsel's performance "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Id. at 694. Applying this standard, courts have required habeas petitioners to show that "counsel's performance was so deficient and counsel's errors were so serious that he or she was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Cuevas v. Henderson, 801 F.2d 586, 589 (2d Cir. 1986). Counsel's performance must be judged in view of "all the circumstances at the time the claimed errors occurred," and to make a successful showing, a petitioner must overcome a "strong presumption that counsel's conduct fell within the wide range of reasonable assistance." See id.

Birkett's failure to attend a meeting after the guilty plea had already been entered does not fall below an objective standard of reasonableness and therefore does not amount to a denial of effective assistance of counsel. Although it remains a

disputed issue of fact whether Birkett was even informed of the post-conviction meeting, it is not unreasonable that she would have felt that her duty to advocate on behalf of her client was concluded when he his guilty plea was entered.  Furthermore, counsel could not reasonably have been expected to anticipate that petitioner would behave in an idiosyncratic manner in his meeting with the District Attorney, going as far as to recant the statements given in his plea allocution and to offer to perjure himself.  In any case, petitioner has failed to show prejudice; he has not shown a reasonable probability that if counsel had attended his post-conviction meeting she would have been able to prevent the behavior that ultimately resulted in the application of an enhanced sentence.  For these reasons, the Appellate Division's finding that petitioner failed to show a denial of effective assistance of counsel was not unreasonable.  Petitioner's request for habeas relief on this ground is therefore denied.

## CONCLUSION

For the forgoing reasons, Eric Deboue's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.  A certificate of appealability will not issue, as petitioner has not made a substantial showing of the denial of a constitutional

right.  See 28 U.S.C. § 2253(c)(2).  The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

    SO ORDERED.

Dated:    Brooklyn, New York
          June 9, 2005

                                        Carol Bagley Amon
                                        United States District Judge